UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
   ANDREA J. COLE,                                   :      3/24/14

                               **Plaintiff,**   :

                                              :      1:12-cv-08597 (ALC)
              -against-                     :

                                              :      <u>**OPINION AND ORDER**</u>
CAROLYN W. COLVIN, Acting    :
Commissioner of Social Security,  :

                              **Defendant.**  :
------------------------------------------------------------x

**ANDREW L. CARTER, JR., United States District Judge:**

     This is an action for review of the Commissioner of Social Security's ("Commissioner") decision that Plaintiff Andrea J. Cole ("Plaintiff") is not entitled to Social Security Disability or Supplemental Security Income benefits. Currently pending are cross motions for judgment on the pleadings. The Court has considered the parties' arguments and for the reasons set forth below, the Commissioner's motion (ECF No. 13) is **GRANTED**, and the Plaintiff's motion (ECF No. 9) is **DENIED**.

**I.   BACKGROUND**

     Plaintiff suffers from back problems, obesity, headaches, and seizures. (Compl. ¶ 4, ECF No. 1). At the onset of her alleged disability, on January 1, 2007, she was forty-four years old and had completed two years of college. (R. at 124, 128, 150, ECF No. 7). At the time she became disabled, she had not worked for about three years, but had been employed as a payroll clerk before that. (R. at 530, ECF No. 7).

On February 28, 2008, Plaintiff filed an application for Social Security Disability and Supplemental Security Income under the Social Security Act ("Act"). (R. at 554, ECF No. 7). Plaintiff attended a hearing before an Administrative Law Judge ("ALJ") on January 5, 2009. (R. at 150, ECF No. 7). The ALJ denied her claims on January 30, 2009. (*Id.*). The Appeals Council denied Plaintiff's request for review, and she filed a federal court action. (R. at 554, ECF No. 7). This initial federal action was terminated when her matter was remanded on consent for additional administrative proceedings. (*Id.*).

A supplemental hearing was held on February 10, 2011. (R. at 492-495, ECF No. 7). The evidence presented to the ALJ consisted of Plaintiff's medical records, which included functional assessments by her treating physicians, and Plaintiff's own testimony about her limitations. (Pl.'s Mot. J. Pleadings 2-10, ECF No. 10). Applying the five-step sequential analysis set forth in the Social Security Regulations ("Regulations"), the ALJ denied her claims on March 11, 2011. (R. at 492-495, ECF No. 7). At the first step, the ALJ found that the Plaintiff had not engaged in "substantial gainful activity" during the alleged disability period. (R. at 497, ECF No. 7). At steps two and three, the ALJ found that although the Plaintiff had discogenic and degenerative back disorder, obesity, a history of a seizure episode, and headaches, her impairments did not meet or equal the requirements of any impairment listed in the Regulations. (R. at 498, ECF No. 7). At step four, the ALJ assessed Plaintiff's residual functional capacity ("RFC") and determined that she was able to continue her past work as a payroll clerk. (*Id.*). Finally, at step five, the ALJ concluded that Plaintiff is able to perform sedentary level work. (*Id.*). On September 26, 2011, the Appeals Council denied Plaintiff's request to review this decision. (R. at 488, ECF No. 7).

On November 27, 2012, Plaintiff brought this action for review of the ALJ's decision. (Compl., ECF No. 1). Plaintiff contends that the Commissioner's decision that she is not disabled because she has the RFC to perform sedentary work is not supported by substantial evidence. (Compl. ¶¶ 19-20, ECF No. 1). Plaintiff also alleges that the ALJ improperly assessed her credibility. (Pl.'s Mot. J. Pleadings 17-19, ECF No. 10). Thereafter, the parties filed the instant cross-motions for judgment on the pleadings.

## II. STANDARD OF REVIEW

A court may only set aside a determination by the Commissioner if it is based on legal error or not supported by substantial evidence in the record. *Kane v. Astrue*, 942 F. Supp. 2d 301, 304 (E.D.N.Y. 2013). Substantial evidence is "a very deferential standard of review—even more so than the 'clearly erroneous' standard." *Brault v. Soc. Sec. Admin., Com'r*, 683 F.3d 443, 448 (2d Cir. 2012). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Galiotti v. Astrue*, 266 F. App'x 66, 67 (2d Cir. 2008) (internal quotation marks omitted) (quoting *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004)). Findings of fact, reasonable inferences from those findings, and conclusions of law are all subject to the substantial-evidence test. *Kane*, 942 F. Supp. 2d at 304. The Commissioner is not required to "reconcile explicitly every conflicting shred of medical testimony" but may not issue an "an unreasoned rejection of all the medical evidence in a claimant's favor." *Galiotti*, 266 F. App'x at 67.

## III. DISCUSSION

The Social Security Act defines "disability" as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months."

3

*Gennardo v. Astrue*, 333 F. App'x 609, 610 (2d Cir. 2009) (citing 42 U.S.C. § 423(d)(1)(A)). A claimant must be unable to perform any "kind of substantial gainful work which exists in the national economy." *Draegert v. Barnhart*, 311 F.3d 468, 472 (2d Cir. 2002) (citing 42 U.S.C. § 423(d)(2)(A)).

The Commissioner must engage in a five-step sequential analysis to determine whether an individual is disabled under Titles II and XVI of the Act. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

> [1] [T]he Commissioner considers whether the claimant is presently working in substantial gainful activity. [2] If the claimant is not so engaged, the Commissioner next considers whether the claimant has a "severe impairment" that significantly limits his physical or mental ability to do basic work activities. [3] If the severity requirement is met, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment that is listed in Appendix 1 of the regulations, or is equal to a listed impairment. If the claimant has such an impairment, there will be a finding of disability. [4] If not, the fourth inquiry is to determine whether, despite the claimant's severe impairment, the claimant's [RFC] allows the claimant to perform his or her past work. [5] Finally, if a claimant is unable to perform past work, the Commissioner then determines whether there is other work, such as "light work" discussed infra, that the claimant could perform, taking into account, inter alia, the claimant's [RFC], age, education, and work experience.

*Kane*, 942 F. Supp. 2d at 305-06 (internal quotation marks and citations omitted).

"One's RFC is an assessment of an individual's ability, despite his or her impairments, to meet physical, mental, sensory, and other demands of jobs based on all relevant evidence." *Abreu v. Astrue*, 11 Civ. 3719 (ALC), 2012 WL 4714892, at *2 (S.D.N.Y. Sept. 27, 2012). "It may include descriptions (even [the claimant's]) of limitations that go beyond the symptoms, such as pain, that are important in the diagnosis and treatment of [her] medical condition." 20 C.F.R. §§ 404.1545, 416.945; *see Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)).

4

*A. The ALJ Properly Assessed the Medical Testimony of Plaintiff's Doctors*

The "treating physician's rule" is a series of regulations set forth by the Commissioner in 20 C.F.R. § 404.1527 detailing the weight to be given to a treating physician's opinion. Specifically, the Commissioner's regulations provide that:

> If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight.

20 C.F.R. § 404.1527(d)(2); *see Roma v. Astrue*, 468 F. App'x 16, 18 (2d Cir. 2012). "[T]he opinion of a treating physician that is inconsistent with other substantial evidence in the record is not entitled to controlling weight." *Pimenta v. Barnhart*, 05 CIV. 5698 (JCF), 2006 WL 2356145, at *5 (S.D.N.Y. Aug. 14, 2006). The regulations specify that when controlling weight is not given to a treating physician's opinion, the Court should consider the following factors in determining the weight to be given such an opinion:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the evidence that supports the treating physician's report; (4) how consistent the treating physician's opinion is with the record as a whole; (5) the specialization of the physician in contrast to the condition being treated; and (6) any other factors which may be significant.

*Abreu*, 2012 WL 4714892, at *4; *see* 20 C.F.R. § 404.1527(d)(2). A physician's finding that a plaintiff is "disabled" is not determinative. *Cichocki v. Astrue*, 534 F. App'x 71, 74 (2d Cir. 2013).

In this case the ALJ correctly applied the treating physicians rule to Dr. Zeitlin's opinion. The ALJ identified a number of inconsistencies in the medical record, and accordingly decided to give it "slight evidentiary weight." (R. at 500, ECF No. 7). Dr. Zeitlin inconsistently

5

described Plaintiff's abilities, at times labeling her as "permanently disabled," but at other times indicating that she retained full motor strength in her extremities and was able to rise unaided from a squatting position. (R. at 195, 281-282, ECF No. 7). Furthermore, Dr. Zeitlin's conclusory statements about Plaintiff's "complete disability" were not supported by the evidence supplied in his own opinions. For instance, Dr. Zeitlin placed no limit upon Plaintiff's ability to sit or stand for periods of time, but rather only upon her ability to lift or bend. (R. at 289, ECF No. 7). Therefore, the ALJ appropriately did not give Dr. Zeitlin's opinion controlling weight.

Similarly, the ALJ correctly applied the treating physicians rule to Dr. Ross's opinion. The ALJ's decision not to give controlling weight to Dr. Ross's opinion, and to grant it only "slight evidentiary weight," was supported by substantial evidence. (R. at 500-501, ECF No. 7). The ALJ explicitly stated that Dr. Ross was a pulmonary specialist, not an orthopedist. (R. at 500, ECF No. 7). Accordingly, he gave limited evidentiary weight to Dr. Ross's statements about the functional limitations arising from Plaintiff's orthopedic problems. (*Id.*). Dr. Ross's opinion that Plaintiff was limited in her ability to stand and sit, in addition to being beyond the scope of his expertise, was presented without any basis or reasoning. (R. at 388, ECF No. 7). Moreover, Dr. Ross's statement that the Plaintiff's symptoms were exacerbated by her childcare responsibilities is not relevant to determining her RFC. (R. at 345, 501, ECF No. 7).

Dr. Defeo was not a treating physician, and therefore, the question was only what weight should be assigned to his opinion. Dr. Defeo's description of the Plaintiff's medical and work history is plainly at odds with her own account of events. (R. at 422, 530, ECF No. 7). His identification of a "noted weakness" in Plaintiff's "left lower extremity" is directly contradicted by other statements in the record that Plaintiff retained strength in her extremities. (R. at 196, 423, ECF No. 7). Dr. Defeo's characterization of Plaintiff's gait is also contradicted by the

6

observations of Plaintiff's treating physicians. (R. at 282, 423, ECF No. 7). Finally, the ALJ noted that Dr. Defeo only examined the plaintiff once, on December 30, 2008. (R. at 422-426, 501, ECF No. 7). Therefore, the ALJ properly weighed Dr. Defeo's opinion.

Dr. Puri, again, was not a treating physician, and the only question was what weight to give her findings. The ALJ appropriately gave Dr. Puri's opinion "[g]reater evidentiary weight" because it was consistent with the content of the record as a whole. (R. at 502, ECF No. 7). Dr. Puri found the Plaintiff's gait normal, as confirmed by Dr. Zeitlin's opinion. (R. at 500-501, ECF No. 7). Dr. Puri also found Plaintiff's muscle strength intact, as reflected in her medical record. (*Id.*). Therefore, because Dr. Puri's opinion was consistent with the medical record and was supported by substantial evidence, the ALJ did not err in granting it greater evidentiary weight. *See Holman v. Colvin*, 12 Civ. 5817 (JMF), 2014 WL 941823, at *5 (S.D.N.Y. Mar. 11, 2014) (granting greater evidentiary weight to a consulting physician's opinion than to treating physicians' opinions when it was more consistent with the record).

While the above may be susceptible to differing interpretations, the resolution of conflicting evidence is the sole province of the ALJ, and is not subject to review by this Court. *Kilkenny v. Astrue*, 05 Civ. 6507 (KMK) (LMS), 2009 WL 1321692, at *11 (S.D.N.Y. May 12, 2009). Therefore, the ALJ appropriately applied the treating physician's rule and properly assigned evidentiary weight to the medical opinions.

*B. The ALJ Properly Evaluated Plaintiff's Credibility*

Plaintiff also argues that the ALJ improperly rejected her own description of her impairments. An ALJ must engage in a two step process when evaluating a claimant's assertions of her own pain and limitations. First, "the ALJ must decide whether the claimant suffers from a medically determinable impairment that could reasonably be expected to produce the symptoms

alleged." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010). Second, "the ALJ must consider the extent to which the claimant's symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence of record." *Id.* (internal quotation marks and alterations omitted). In making this decision the ALJ must consider the following factors:

> 1) the claimant's daily activities; 2) the location, duration, frequency, and intensity of claimant's pain and other symptoms; 3) precipitating and aggravating factors; 4) the type, dosage, effectiveness, and side effects of any medication the claimant takes or has taken to alleviate the pain or other symptoms; 5) any treatment, other than medication, the claimant has received; 6) any other measures the claimant employs to relieve the pain or other symptoms; and 7) other factors concerning the claimant's functional limitations and restrictions as a result of the pain or other symptoms.

*Kane*, 942 F. Supp. 2d at 313 (citing 20 C.F.R. § 404.1529(c)(3)(i)-(vii)). An ALJ is not obligated to explicitly weigh each evidentiary factor when assessing a claimant's credibility. *Pellam v. Astrue*, 508 F. App'x 87, 91 (2d Cir. 2013).

In this case, the ALJ determined that even though the Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; . . . her statements concerning the intensity, persistence, and limiting effects of these symptoms are not credible as they are not totally [c]onsistent with the objective medical evidence." (R. at 502, ECF No. 7). The ALJ credited the Plaintiff's testimony about her activities of daily living. Plaintiff testified that despite her symptoms she was able to place her four year-old son into his car seat in the mornings, drive both of her children to school, drive to various stores to purchase prescriptions and groceries, and perform household chores. (R. at 498-499, ECF No. 7). The ALJ further credited Plaintiff's statements about her ability to lift one to two gallons of milk with her non-dominant arm, and that she had not had a seizure since 2007. (R. at 499-500, ECF No. 7). The ALJ also considered the type of medication Plaintiff takes to manage her back pain, and that

she had not had physical therapy since the onset of the alleged disability. (R. at 13, 20, ECF No. 7). The ALJ, therefore, gave "the greatest evidentiary weight" to Plaintiff's own descriptions of her limitations. (R. at 13, ECF No. 7). Importantly, Plaintiff said she was looking for part-time bookkeeping work, and believed that she would be able to perform that work. *Abreu*, 2012 WL 4714892, at *4 (finding that plaintiff's statement that she could perform office work was a reasonable factor in an ALJ's decision that a plaintiff retained the RFC for sedentary work); (R. at 529-530, ECF No. 7). The ALJ found these statements consistent with the medical evidence in the record. (R. at 499-500, ECF No. 7). Finally, the ALJ explicitly considered the Plaintiff's history of seizures and found, in accord with her physicians, that the course of treatment she had been prescribed was successfully controlling her symptoms. (R. at 498, ECF No. 7).

In light of the above, the ALJ appropriately assessed the Plaintiff's credibility, and found that the Plaintiff retained the RFC to perform sedentary work.

## IV.  CONCLUSION

For the reasons set forth above, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 13) is **GRANTED** and Plaintiff's Motion for Judgment on the Pleadings (ECF No. 9) is **DENIED**. The Clerk of Court is respectfully directed to enter a judgment for the Commissioner and to close this case.

**SO ORDERED.**

Dated:  March 24, 2014
       New York, New York

                                              **ANDREW L. CARTER, JR.**
                                              **United States District Judge**